UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL AZZARA,

                              Plaintiff,

                -against-

MICHAEL AZZARA,

                              Defendant.

25-CV-10653 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the court's diversity jurisdiction, alleging Defendant breached his fiduciary duty related to an irrevocable trust for which both Plaintiff and Defendant were trustees. By order dated January 5, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (establishing that a district court must order the Marshals Service to effect service if the plaintiff is authorized to proceed IFP).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

To allow Plaintiff to effect service on Defendant Michael Azzara through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to issue a summons for Defendant, complete the USM-285 form with the address for Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is also directed to mail a copy of this order to Plaintiff, together with an information package.

SO ORDERED.

Dated:    January 21, 2026
          White Plains, New York

                                        _____
                                        KENNETH M. KARAS
                                        United States District Judge

2

**SERVICE ADDRESS FOR DEFENDANT**

Michael Azzara
145 Ledges Road
Ridgefield, CT 06877