UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

(WHITE PLAINS)

| | | |
|---|---|---|
| Paul Azzara, | : | |
| Plaintiff | : | Case No.  7:25-cv-10653-KMK |
| | :. | |
| v. | : | |
| | : | |
| Michael Azzara, | : | |
| (In his Individual Capacity), | : | |
| Defendant | : | |

**MOTION TO STRIKE DOCUMENT # 16 OR IN THE ALTERNATIVE, PLAINTIFF'S RESPONSE AND OBJECTION TO THAT DOCUMENT**

On March 25, 2026, Defense counsel Craig M. Cepler filed a letter with this court alleging that Plaintiff Paul Azzara engaged in threating conduct towards the Defendant. For the following reasons, that letter should be stricken from the record:

Alleged Threats to Defendant Michael Azzara-

Palintiff Paul Azzara and Defendant Michael Azzara are not Business partners. We are not casual acquaintances, nor are we strangers. We are

1

siblings that have known each other for 59 years. In 59 years, Plaintiff has never made a violent threat to the Defendant as evidenced in the letter Defense counsel filed with this court. All the "threats" that plaintiff messaged Defendant were of economic harm and threats of economic harm are not inherently wrongful. Unless a threat is of "True Violence," those non-violent "threats" are protected speech under the 1st Amendment to the U.S. Constitution. Counsel has provided no evidence of a violent threat and has not included an Affidavit from Defendant Michael Azzara that he felt that the threats were of physical violence.[1]

Defendant and I have since had a very cordial conversation about family heirlooms that he wants and that I am willing to give him (attached hereto as exhibit "A") , and family heirlooms the Defendant is in possession of that I want. I even asked him to lunch so that we can speak about resolving this matter amicably before defense counsel Cepler files a reply to my complaint; a motion to dismiss, and as he indicated, a counter claim. I have tried to resolve this matter with the defendant for months prior to my filing of my initial complaint offering him a settlement that would have cost him NOTHING. But after consulting with Attorney Cepler, Attorney Cepler decided to take a retainer from the defendant and defend against my complaint instead of advising him to accept my settlement

---

[1] As this court may remember from the hearing held in September 2016 in U.S. V. Azzara 02-CR-1446 (CM, KMK), this plaintiff was convicted of one count of mailing a NON-VIOLENT threat to reputation in violation of 18 U.S.C. § 876(D) and two counts of attempted extortion in violation of 18 U.S.C. § 1951 through the use of fear of economic harm only. No threats of violence were ever alleged.

2

offer which again, would have cost the defendant NOTHING. More proof that this attorney is unethical and not just incompetent.[2]

Alleged Threats to or Harassmsnt towards Craig M. Cepler –

Defense Counsel Craig M. Cepler admits in his letter to this court that he contacted the Plaintiff's real estate agent. Craig M. Cepler either intentionally lied to the real estate agent or is incompetent and does did not read the Trust itself which this Plainitff included as an attachment to Document #1. Plaintiff tried to call Defense counsel to speak to him about his error or unethical misrepresentation to the Real Estate agent but Mr. Cepler refused to return this Plaintiff's phone calls. After numerous attempts to call Mr. Cepler, Plainitff called Denlea and Carlton LLP, which is the law firm Mr. Cepler states in his letter that his is employed by. The woman I spoke to at that Law firm informed me that Mr. Cepler does not work there and implied that he did not leave on good terms leading me to believe that the legal advice he gave to the real estate agent was an intentional misrepresentation and not a mistake (attached hereto as exhibit "B"). It was only when this plaintiff emailed Mr. Cepler a copy of an email from the attorney that created the trust stating that Paul Azzara and Michael Azzara can act **INDIVIDUALLY** that Mr. Cepler returned my phone call. (attached hereto as exhibit "C") . He then knew that he made a huge mistake and interfered with my attempt to sell the asset. No harassment was ever intended by this Plaintiff. I needed a call back immediately to correct the misinformation he gave to the real

---

[2] Paintiff is aware that Defense counsel Cepler clereked for the Honorable Vincent Briccetti in this very courthouse and is friendly with his law clerks and most likely This courts law clerks. Maybe he believes that he is entitled to favorable ruling on that basis alone and is filing frivolous motions just to bill the Defendant for more hours.

estate agent to relist the property for sale. So, Mr. Cepler is correct. I did leave him a message stating:

" So, you know what? I'm just going to come to the City tomorrow. We're going to talk face to face. Ok tough guy? I'll see you in the morning."

He refused to return my calls and the law firm that he claims he works for said that he does not. So I was going to the city to find him and speak to him in person, but again, after I emailed him a copy of the Email from the Trust attorney, he call me back TWICE. We spoke and there was no reason for me to go to the city to try to speak to him in person.

## CONCLUSION

Counsel for the defendant has not provided any affidavit from the defendant that he feels that any violent threats were made to him, and Plaintiff respectfully requests that his letter (Docket 16) be stricken from the record, or in the alternative that defendant be denied the relief counsel requested in his letter. Without supplying any proof that this plaintiff made any violent threats, it would be an abuse of discretion for this court to grant the relief defense counsel requests.

Respectfully Submitted,

4

Paul Azzara
Pro Se
6 Balmoral Drive
Chestnut Ridge, NY 10977

Azzarapaul@gmail.com

Motion to Strike the letter at Docket
# 16 is denied.  That Plaintiff
believes Defendant has not proven
the allegations in his letter does not
justify striking it from the record.
Defendant may otherwise respond to
this letter by 4/7/26.

So Ordered.

3/31/26

# EXHIBIT A

1:09

 59%

←  Michael Azzara

> gallbladder removed. And I'm going April 8th for another CAT scan for my liver because my gastroenterologist thinks I might have liver cancer. So I'm probably going to die motherfucer so Fuck you.

12:59 PM

I have a black jewelry box, that had cufflinks in it that you did not want, and I went through them, and nothing was marked gold or silver, and you asked to just have the jewelry box

And that is what I saved





 There is your jewelry box



     Message



# EXHIBIT B

 Gmail                                                     **Paul Azzara <azzarapaul@gmail.com>**

## updated contact info

1 message

**Paul Azzara** <azzarapaul@gmail.com>                                Wed, Mar 25, 2026 at 2:09 PM
To: Craig Cepler <ccepler@ssrga.com>, michael maadog <maadog007@hotmail.com>, "tirtzabeer@gmail.com"
<tirtzabeer@gmail.com>

Craig. I have been trying relentlessly to contact you about Azzara v. Azzara 25-cv-10653 KMK and you refuse to return my emails or phone calls. So. I contacted Denlea & Calton LLP, which is the firm you claim to work for in Docket # 16 that you filed today.

I called the firm and The woman I spoke with informed me that you do not work for that LLP, So why are you filing letters and/ or documents with the court stating that you do? You wrote to the court that I am harassing you and the defendant but you are not filing accurate contact information with the court, so how am I supposed to get in touch with you?

And again, The defendant contacted me as recently as an hour or so ago. So STOP misrepresenting issues to the court like you did to my Real Estate Agent. You appear to be unethical and incompetent and I will not tolerate your misrepresentations to the court or my Real Estate agent.

Contact me, or I will have to visit your office tomorrow to try to negotiate and settle in person.

Paul Azzara

# EXHIBIT C

 Gmail                                          **Paul Azzara** <azzarapaul@gmail.com>

## Independent voting rights
1 message

**Paul Azzara** <azzarapaul@gmail.com>                          Tue, Mar 24, 2026 at 9:42 PM
To: michael maadog <maadog007@hotmail.com>, Craig Cepler <ccepler@ssrga.com>

9:26                                     67%

                                       ⋮

≝⁺  Summarize this email

  **Paul Azzara** 6/17/2025               ⋮

to Michelle ∨

Hey Michelle sorry to bother you. I'm looking to see if it's possible to borrow money against the house. I know you referred me to somebody that does loans like you had before when my father was alive but my question is this.......

Can my brother and I act independently concerning decisions about the trust or the home in the trust, or do we have to act jointly.

Thank you

Paul azzara

  **Michelle Berman** 6/18/2025              ⋮

to me ∨

You can act independently but you have to always tell

each other what you are doing. Sorry for the delayed reply. I was out yesterday

Michelle

Show quoted text



Last year I asked our trust attorney if I need your approval for any decisions regarding the trust and the trust business and she advised me no absolutely not. We can act independently. So your attorney is an idiot, and it was unethical for him to call my real estate agent and tell my real estate agent that I cannot sell my house without your approval. That's not correct as a matter of law and was it unethical. And he better never contact anyone again about the trust unless he files a cross complaint stating that he's representing the trust. See the response she gave me above. That's not a suggestion. That's a very strong warning to him not to contact anyone regarding the trust unless he represents the trust.